IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL W. MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 12-0015-N |
| | ) | |
| CRITTER CONTROL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Plaintiff filed this FLSA action on January 12, 2012 (doc. 1) alleging that he had not been properly paid for overtime.  This action is before the court on two motions: a Motion for Summary Judgment (doc. 22) filed by defendant Critter Control, Inc., with accompanying brief (doc. 23), evidentiary submissions (doc. 24), proposed findings of fact (doc. 25) and proposed order (doc. 26), to which plaintiff has not responded, and a Motion for Summary Judgment (doc. 28) filed by plaintiff against defendants Critter Control of the Gulf Coast, LLC and Van Normand, together with plaintiff's brief (doc. 29) and affidavit (doc. 31), defendants' Response (doc. 32) and plaintiffs' Reply (doc. 34).   The parties have consented to the exercise of jurisdiction by a Magistrate Judge (docs. 9, 15) and this matter has been referred to the undersigned to conduct all proceedings and enter judgment pursuant to 28 U.S.C. §636.

Summary Judgment Standard

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(a).  If a party asserts "that a fact cannot be or is genuinely disputed", the party must:

> (A) cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A)&(B).

The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  Also, the party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Clark, 929 F.2d at 608 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

> Where summary judgment is sought with regard to
>
> issues on which the movant would bear the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party. If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party, in response, come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.

U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*) (citations and internal quotation marks omitted; emphasis in original).

        Once the moving party has satisfied its responsibility, the burden shifts to the non-movant to show the existence of a genuine issue of material fact. Id.   "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determination of the truth of the matter.  Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Tipton v.Bergrohr GMBH-Siegen, 965 F.2d 994, 999 (11th Cir. 1992) (*citing* Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986)); Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-159 (1970). Overall, the Court must "resolve all issues of material fact in favor of the [non-movant], and then determine the legal question of whether the [movant] is entitled to judgment as a matter of law under that version of the facts." McDowell v. Brown, 392 F.3d 1283, 1288 (11th Cir. 2004) (*citing* Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003)).  However, "A court need not permit a case to go to a jury, [ ] when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" Cuesta v. School Bd. of Miami-Dade County, 285 F.3d 962, 970 (11th Cir.2002) (citations omitted).  Additionally, "[a] moving party is entitled to summary judgment if the nonmoving party has 'failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.'" In re Walker, 48 F. 3d 1161, 1163 (11th Cir. 1995) (*quoting* Celotex, 477 U.S. at 323).

<u>Analysis</u>

<u>Motion of Critter Control, Inc. (doc. 22)</u>

Defendant Critter Control, Inc. filed its motion for summary judgment on the basis that it was not plaintiff's employer and did not exercise control over the personnel or time-keeping practices of its franchisees; defendant states that it was merely the franchisor through which plaintiff's employer had obtained its franchise. Defendant submitted evidence supporting this understanding of its relationship to plaintiff and the other defendants. As noted above, plaintiff has not filed a response and has not otherwise challenged those factual assertions or the corporation's right to summary judgment.[1]

Upon review of the record, including particularly the Declaration of Kevin Clark (exhibit A to doc. 24), the court finds that defendant Critter Control, Inc., was not the employer of the plaintiff and is not liable to plaintiff under the Fair Labor Standards Act. For that reason, the motion (doc. 22) of defendant Critter Control, Inc. is due to be granted and judgment entered in favor of this defendant.

<u>Plaintiff's Motion (doc. 28)</u>

*a. Damages*

Plaintiff seeks summary judgment against defendants Critter Control of the Gulf Coast LLC and Van Normand on both liability and damages. With regard to the issue of damages, the court finds that there exist genuine issue of material fact precluding summary judgment: specifically, plaintiff's own affidavit offered in support of his summary judgment motion states

---

[1] The court has been notified that plaintiff does not oppose dismissal of this defendant, but that counsel felt that they could not easily request voluntary dismissal of the claim against the corporation due to the requirement of the FLSA that the court must approve any settlement.

> 8.  I *rarely* took a one hour meal break or interrupted meal break while employed by Critter Control.  On *most* days, *I took a break of less than 20 minutes*, or ate while working and did not take a break at all.  **When I did take a lunch break**, it was rarely for more than 30 minutes.

Doc. 28-1, exhibit 1 at 2 (emphasis added).  Plaintiff nonetheless calculates the value of his overtime claim based on 5 hours of unpaid overtime per week, reflecting one full uncompensated hour allegedly worked for each of five days every week of his employment with Critter Control. Id. at ¶17.  Plaintiff's own affidavit testimony contradicts his claimed hours; even if plaintiff might try to explain this apparent contradiction on the basis that he often worked more than five days per week,[2] the plaintiff's calculations do not demonstrate that they take into account either that fact or the fact that he sometimes took all or part of his lunch break.  Regardless, for purposes of the instant motion, the accuracy of plaintiff's estimate does not appear so clearly that plaintiff can be said to have "show[n] *affirmatively* the absence of a genuine issue of material fact," Four Parcels, at 1438 (emphasis original), concerning the amount of damages to which he would be entitled if he prevails.  Accordingly, summary judgment is not available to plaintiff on the issue of damages.

    *b. Liability*

    The parties' dispute over liability revolves around the daily automatic deduction of one hour for a lunch break.  Plaintiff worked between 40 and 70 hours per week; defendants had no general rule against working overtime.  Plaintiff offers evidence that he told his supervisors on a few occasions that he sometimes worked through lunch; he

---

[2] It is not apparent from the record whether defendants' automatic lunch break was imposed on weekends.

also offers evidence that he entered some of the time he worked during lunch breaks on his timecard.  Doc. 28-1.  Defendants acknowledge that they were aware that plaintiff sometimes worked through lunch, but that plaintiff was repeatedly counseled on the procedure he was supposed to follow[3] to be paid for that time, and indeed had enforced that provision on other employees.  Doc. 32 at 7, 9.  Taking the evidence in the light most favorable to the nonmovant,[4] plaintiff knew of the procedure set by defendant for employees to be paid for hours worked during the lunch hour but that he never followed that procedure.  *See* doc. 32.  Defendants thus had actual knowledge of some of those occasions and the extra time worked, but did not compensate plaintiff for that time.

The parties take contradictory positions on the propriety under the FLSA of an employer's policy of automatically deducting an hour for lunch, as that policy was applied by defendants. Plaintiff cites 29 C.F.R. §785.13, which states:

> In all such cases [of rules against unwanted overtime work] it is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so.

Defendants cite Frye v. Baptist Meml. Hosp., Inc., 2010 WL 3862591, *5 (W.D.Tenn.)[5] for the proposition that FLSA does not ban automatic deductions of time for meal breaks as long as there is a policy which allows an employee to be compensated if lunch is interrupted.  Doc. 32 at 7.  Defendants attribute the following quote to the Frye case: "Employers utilizing an automatic meal deduction policy may legally shift the

---

[3] Defendant's procedure was that time worked during the lunch hour would be paid if requested and approved by his supervisor prior to the performance of the work.

[4] In his Reply (doc. 32), plaintiff acknowledges that the court should accept as true for purposes of the instant motion that the policy exists.  Id. at 3.

[5] In their brief, defendants left out one digit from the Westlaw citation.

burden to their employees to cancel the automatic deduction if they work through an

unpaid meal break." That language appears nowhere in the <u>Frye</u> opinion. However, <u>Frye</u>

does address the issue of meal break deductions, and holds that

> [s]tanding alone, an employer policy providing automatic deductions for
> meal breaks does not violate the FLSA. *See, e.g.,* <u>Fengler v. Crouse Health
> Found., Inc</u>., 595 F.Supp.2d 189, 195 (N.D.N.Y 2009); *see also* Wage and
> Hour Div., U.S. Dep't of Labor Fact Sheet No. 53, The Health Care
> Industry and Hours Worked (July 2009), ECF No. 373–16 ("Dep't of
> Labor Fact Sheet") (recognizing that the FLSA permits automatic
> deduction policies).

<u>Id</u>. at *5. It also holds that "[a] natural consequence of any employers' adopting an

automatic deduction policy is that employees will be required to cancel the deduction if

they work through meal breaks." <u>Id</u>. at *7. The court then discussed the plaintiff's

arguments that defendant had done too little to enforce its meal-break policy. <u>Id</u>.

The <u>Frye</u> decision focused on the named plaintiff's ability to represent a putative

class. The court addressed the automatic deduction issue as part of its analysis of

whether the policy constituted a "unified policy of FLSA violations capable of binding

the Plaintiffs together." <u>Id</u>. A few other cases have more directly addressed the issue of

an employer's duties where it enacts an automatic meal deduction policy. <u>Frye</u> cites

<u>Fengler v. Crouse Health Found., Inc</u>., 595 F.Supp.2d 189, 195 (N.D.N.Y 2009); *see also*

<u>Hill v. United States</u>, 751 F.2d 810 (6th Cir. 1984)(upholding automatic deduction); <u>Hertz

v. Woodbury County</u>, 566 F.3d 775 (8th Cir. 2009)(similar analysis for claims of unpaid

work during meal break and other unpaid overtime claims). In addition, the Sixth Circuit

recently addressed automatic meal break deductions in the context of an appeal from a

grant of summary judgment for defendant and a decertification of the plaintiff class. *See*

White v. Baptist Meml. Health Care Corp., --- F.3d ---, 2012 WL 5392621 (6th Cir. Nov. 6, 2012).

In each of these cases, the courts recognized that an employer could shift to the employee some of the burden for assuring payment for hours worked. *See e.g.* White, at *2-*3.  It is also established that, "[i]f an 'employer knows or has reason to believe that [a worker] is continuing to work [then]the time is working time.'"  White, at 2, *quoting* 29 C.F.R. §785.11.  An employee's failure to use the employer's procedures for reporting overtime work, such as plaintiff's alleged work during meal-breaks, may preclude a showing that the employer should have known about the time, there is no question that the FLSA requires that the employee be paid for time that does come to the employer's actual or constructive notice.  *See* White, at *4-*5.  "[A]n employee must show that the employer knew or should have known[6] that he was working overtime or, better yet, he should report the overtime hours himself.  Either way, the employee bears some responsibility for the proper implementation of the FLSA's overtime provisions."  Id., at *5 (*quoting* Wood. v. Mid-America Mgmt. Corp., 192 Fed. Appx. 378, 381 (6th Cir. 2006).

As noted, plaintiff submitted some of the time he claims to have worked on his time sheet; defendant clearly received actual notice of the exact amount of this time worked.  Defendant argues—and offers evidence—that plaintiff did not comply with

---

[6]  Plaintiff's complaints to supervisory and management personnel may have provided defendant with notice of additional time worked.  The cited cases contain discussion of "constructive notice," particularly with respect to unreported time, which the parties should consider in preparing this action for trial or for potential settlement.  *See* White at *3-*4.  The court also notes that the fact that plaintiff expressly notified defendants of some of the work he now claims may affect defendants' constructive notice.  *See* Hertz at 784.

defendants' procedure for obtaining permission to work during meal breaks.  See doc. 30 at ¶11.  This does not alter defendants' duty to pay plaintiff for this time of which it received actual notice, whether or not plaintiff could have been disciplined for failing to follow a work-place rule on the manner in which he was to submit such work.[7] Defendant does not contest that it did not pay plaintiff for the time so submitted.

To that limited extent, the plaintiff has established that he is entitled to summary judgment on the issue of liability.[8]   However, plaintiff has failed to demonstrate that summary judgment is appropriate on liability or damages for any other aspect of his claim.

<u>Conclusion</u>

For the foregoing reasons, it is hereby ORDERED that the motion of defendant Critter Control, Inc. for summary judgment is GRANTED.  A separate Judgment shall enter in favor of the corporate defendant.  It is further ORDERED that the motion of plaintiff for summary judgment is GRANTED in part and DENIED in part, as follows: plaintiff is entitled to summary judgment solely on the issue of the two remaining defendants,  for failure to pay him for hours worked during his lunch break which he actually submitted to his employer in a contemporaneous time sheet; however, plaintiff has failed to prove the amount of damages related to such time entries and has failed to demonstrate entitlement to summary judgment on any other aspect of his claims.

---

[7] It is not clear why the defendants imposed a policy requiring preauthorization, as opposed to a simple post-work time entry, for work performed during the lunch break when overtime was regularly paid for work performed at other times.

[8] The record before the court does not appear to contain such time-sheet entries by plaintiff; the court thus can not determine the amount of time for which he was owed.

The parties are reminded that this case is set for final pretrial conference before the undersigned on January 18, 2013, with jury selection on February 5, 2013.  Pretrial documents are due no later than December 28, 2012.  *See* Doc. 13.

DONE this the 6th day of December, 2012.

/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE