IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL W. MYERS,                    )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )   CIVIL ACTION NO. 12-0015-N
                                     )
CRITTER CONTROL OF THE GULF          )
COAST, L.L.C.,                       )
                                     )
        Defendant.                   )

<u>ORDER</u>

This matter is before the court on plaintiff's Fee Petition (doc. 64).  The court

entered an order (doc. 60) granting default judgment against defendant Critter Control of

the Gulf Coast, LLC ("CCGC"), and plaintiff is thus the prevailing party for purposes of

an award of fees pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

Plaintiff has submitted time records and other evidence in support of the instant motion.

Upon thorough review, it is ordered that plaintiff's Fee Petition is GRANTED, in part, as

set forth below.

<u>Background</u>[1]

Plaintiff filed this action against his former employer, Critter Control of the Gulf

Coast, LLC ("CCGC"), its owner, Brian Van Normand, and its franchisor, Critter

Control, Inc. ("franchisor" or "CCI").  Plaintiff made an FLSA claim for unpaid overtime

resulting from defendants' automatic deduction of one hour for lunch from the plaintiff's

time for days in which the plaintiff worked more than six hours.  Plaintiff also brought a

---

[1] The facts and procedural history of this case are set forth in the court's order
granting entry of default judgment (doc. 60); the court reiterates the matters relevant to
the instant fee petition.

state law breach of contract claim for unpaid work at regular hourly rates, for deductions in weeks where plaintiff did not make overtime.

Critter Control, Inc, the franchisor, filed a Motion for Summary Judgment (doc. 22; *see also*, docs. 23-26 (supporting documentation)), and plaintiff filed a Motion for Summary Judgment (doc. 27) against defendants Normand and the LLC.  Plaintiff did not file a response to the franchisor's motion and, without objection by plaintiff,[2] the franchisor was dismissed by the court.  The court granted summary judgment to the plaintiff on liability only as to those lunchtime hours for which defendant received actual notice that plaintiff worked through lunch (doc. 35).  The court denied summary judgment on damages and all other aspects of plaintiff's claims.

Counsel for defendants Normand and CCGC filed a Motion to Withdraw (doc. 38) which was granted (doc. 39) and the defendants declined to hire another attorney for financial reasons (see doc. 45).  Normand was voluntarily dismissed by plaintiff.  Docs. 48, 49.  Because an LLC can not appear *pro se* (doc. 51), default was entered in favor of the plaintiff.  A hearing was convened to allow proof of plaintiff's damages.  Mr. Van Normand was allowed to participate in the hearing, and testified as a witness.

Plaintiff's complaint does not contain a specific claim for damages.  In his Motion for Summary Judgment, plaintiff claimed 'uncontested' damages equivalent to 5 hours per week, despite plaintiff's affidavit contradicting the claim that he never took a lunch break.  In a spreadsheet and affidavit presented in connection with the damages hearing, plaintiff offered a new estimate of $3,133.50 in unpaid overtime compensation based on

---

[2]  Plaintiff's counsel stated that plaintiff previously had not voluntarily dismissed the corporation because of the procedural requirements for obtaining court approval of any 'settlement'.  *See* doc. 35, n. 1.

plaintiff's amended estimate that he had worked through lunch without being paid four out of five days every week. However, upon review of the evidence presented at the damages hearing, particularly the time cards submitted by plaintiff, the court determined that, in those weeks in which plaintiff had made contemporaneous notations on his time card[3], a significantly lower ratio was shown. In addition, the time cards made clear that defendants did not deduct five hours every week: plaintiff often worked fewer than five days or worked less than the six-hour threshold per day required to trigger the deduction. Further, on a few occasions, defendant paid plaintiff for work during lunch. The court found that plaintiff had proven only $606.37 in unpaid wages for lunchtime work of which defendant had actual or constructive notice.

Authority on Fees

"The court in [an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216 (b). To calculate reasonable attorneys' fees, courts

---

[3] The court is aware of plaintiff's testimony that he did not always make such notations because he had been told that such notes would be ignored. However, when he did make them, it appeared that plaintiff did so for all of a given week. In the absence of any evidence showing that plaintiff only made notations sporadically, stopping and starting at times and for reasons not shown at the hearing, the court found that the contemporaneous time-card notations which plaintiff *had* made formed a more reliable estimate of how often plaintiff had worked through lunch than his post-hoc 'four-out-of-five' estimate. Using the time card notations plaintiff made before he stopped, the court calculated a ratio of days worked to lunches missed [in whole or in part] and applied that ratio to the later period in which plaintiff had *not* submitted notations on his time cards. In light of the prior notations and the communication to plaintiff that there was no point in submitting such notes on his time-card, the court found that defendant had constructive knowledge of plaintiff's established pattern of taking partial lunch breaks or working through lunches. Thus, as the court held defendant responsible for only lunchtime work of which it had actual or constructive notice, the court found that the time card notations and the estimated unpaid lunches provided the most reasonable basis on which to calculate plaintiff's recoverable damages.

3

are to consider the number of hours reasonably expended on the litigation, together with the customary hourly rate for similar legal services. *See* Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). These amounts are multiplied together to determine the so-called "lodestar." *See, e.g.*, Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149–50 (11th Cir. 1993). "Adjustments to that fee then may be made as necessary in the particular case." Blum v. Stenson, 465 U.S. 886, 888 (1984). Redundant, excessive, or otherwise unnecessary hours should not be included in the calculation of hours reasonably expended. Hensley, 461 U.S. at 434. Even when a party prevails, the district court still must determine whether time was reasonably expended, and if it was not, that time should be excluded from the fee calculation. *See* id. While the "lodestar" method effectively replaced the balancing test previously prescribed by Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), the twelve Johnson factors[4] "might still be considered in terms of their influence on the lodestar amount." Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The plaintiff bears the burden of documenting and proving reasonable hours expended and reasonable hourly rates. ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). The plaintiff must

---

[4] The twelve Johnson factors are as follows: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; 12) awards in similar cases. Johnson, 488 F.2d at 717-19.

4

also supply detailed evidence of the hourly rates and time expended so that this Court may properly assess the time claimed for each activity.  Id.[5]

The provision for an award of fees to a prevailing plaintiff under the FLSA is not based on a finding of defendant's fault, but, rather, on the Congressional determination that such a provision was needed to make plaintiffs whole, *see* Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697. 706 n. 15, 16 (1945) (addressing legislative history of fee provision); Greenberg v. Arsenal Bldg. Corp., 50 F.Supp. 700 (S.D.N.Y. 1943)(*rev'd in part on other grounds by* O'Neil, *supra*.), and, particularly where recoveries were likely to be small, remains important to attract competent counsel for claims seeking relatively small damages.[6]  Estrada v. Alexim Trading Corp, 2012 WL 4449470, *13 (S.D.Fla. Sept. 26, 2012).  However, "an entitlement to attorney's fees cannot be a carte blanche license for Plaintiffs to outrageously and in bad faith run up attorney fees without any threat of sanction."  Goss v. Killian Oaks House of Learning, 248 F.Supp.2d 1162, 1168-69 (S.D. Fla. 2003).

---

[5] Despite the deficiencies found below in plaintiff's documentation, the court nonetheless finds it inappropriate in this case to strike plaintiff's motions or deny fees for failure to comply with this clarity requirement.  The court attempts to craft an award of reasonable fees despite the imprecision in the records.

[6] The Supreme Court, in City of Riverside v. Rivera, 477 US 561 (1986), held in a civil rights action that there is no *per se* requirement that attorneys fees be proportional to the amount of the recovery.  "A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims bur relatively small potential damages to obtain redress from the courts."  *See also* Kerr v. Quinn, 692 F.2d 875, 877 (2nd Cir. 1982) ("The function of an award of attorney's fees is to encourage the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel").

Defendant also suggests that the court, as a matter of discretion, deny plaintiff any award of fees, or limit counsel to a contingency fee from plaintiff's $3,600.00 recovery.  Presuming that either such proposal is allowed under the FLSA's attorney's fee scheme, the court declines to take either approach.

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap it Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) (emphasis added).

Discussion

Plaintiff's counsel has requested fees in the total amount of $19,420.00 plus costs in the amount of $563.13. The figure for fees represents payment at requested rates of $150.00/hour to $250.00/hour for a total of 89.3 hours of work by four lawyers.

The rates sought are in line with rates awarded to these attorneys in other cases before this court; the undersigned finds no basis to reduce the rate requests. *See e.g.* Salter v. K&W Security, LLC, 11-464-KD-M (doc. 11) (Banks Ladd); Norman v. Alorica, Inc., 11-433-KD-C (doc. 48)(Mary Carol Ladd); *see* Wachovia Bank, NA v. Horizon Wholesale Foods, LLC, 209 WL 475038 (S.D.Ala. Dec. 8, 2009)($150/hour appropriate for associate attorney with 1-2 years experience).

Similarly, the costs appear to be reasonable and appropriate, with the exception of a single charge: defendant Critter Control of the Gulf Coast, LLC is not responsible for the $75.00 charge for a process server to serve the complaint on a different defendant, Critter Control, Inc. With this exception, plaintiff's remaining costs will be taxed as requested against defendant Critter Control of the Gulf Coast, LLC in the amount of $488.13.

However, the number of hours claimed in this case is plainly excessive. Plaintiff's counsel seeks fees that include significant time spent on litigation primarily or solely

against other defendants,[7] particularly against Critter Control, Inc.  Such attorneys' fees
are not chargeable to the franchisee.  Such fees include the following:

| | | | |
|---|---|---|---|
| 11/07/2011 | Re: CCI and its agent for service | 0.6 hr  @ $250/hr | 150.00 |
| 12/21/2011 | notes re: filing vs. franchisor | 0.1 hr  @ $250/hr | 25.00 |
| 12/26/2011 | corp not registered to do business in AL | 1.2 hr  @ $250/hr | 300.00 |
| 1/31/2012 | call to DH re:service on CCI | 0.1 hr  @ $250/hr | 25.00 |
| 1/31/2012 | same; call to CCI atty | 0.4 hr  @ $250/hr | 100.00 |
| 2/09/2012 | call with CCI atty | 0.3 hr  @ $250/hr | 75.00 |
| 2/18/2012 | check service return on CCI | 0.1 hr  @ $250/hr | 25.00 |
| 2/22/2012 | review docs from CCI | 0.2 hr  @ $250/hr | 50.00 |
| 2/22/2012 | t/c discuss possible dismissal of CCI | 0.2 hr  @ $250/hr | 50.00 |
| 3/07/2012 | pacer re: CCI and other matters | 0.3 hr  @ $250/hr | 75.00 |
| 3/14/2012 | email re: CCI | 0.1 hr  @ $250/hr | 25.00 |
| 9/9/2012 | call w/ CCI counsel | 0.1 hr  @ $250/hr | 25.00 |
| 9/27/2012 | rev MSJ  from CCI | 0.1 hr  @ $225/hr | 22.50 |
| 9/27/2012 | rev MSJ from CCI | 0.2 hr  @ $250/hr | 25.00 |
| | | Total | $972.50 |

Further, the action should not have been complex. Plaintiff's claimed hours on
summary judgment were no more than a rough estimate, even by plaintiff's own
admission.  Plaintiff spent a significant amount of time filing a Motion for Summary
Judgment (doc. 27) despite the fact that there clearly existed issues of fact as to the

---

[7]  Litigation against the third defendant, Brian Van Normand, is generally
indistinguishable from the work done on the claims against the Limited Liability
Company he owned and operated, except as may be separately set forth hereinafter.

amount of damages, as shown by plaintiff's own testimony.  *See* order (doc. 35) (quoting plaintiff's affidavit submitted in support of plaintiff's motion for summary judgment as evidence that there was a genuine issue of material fact concerning plaintiffs claim for damages). This was not a situation in which plaintiff could claim to have based his "uncontested" damage calculation on simple arithmetic applied to documentary evidence. The court granted summary judgment on a narrow liability issue, holding that defendant was liable for time actually worked during the lunch break as to which defendant had actual knowledge; the court did not find that any particular amount satisfied this liability theory.  That narrow issue provided little benefit or saving of time in subsequent litigation.  The following entries reflecting time spent on this motion are noncompensable.[8]

| | | | |
|---|---|---|---|
| 9/10/2012 | draft affid for MSJ | 1.1 hr @ $150/hr | 165.00 |
| 9/21/2012 | drafting MSJ | 2.4 hr @ $250/hr | 540.00 |
| 9/23/2012 | draft MSJ | 0.4 hr @ $225/hr | 90.00 |
| 9/23/2012 | conf re: MSJ | 0.1 hr @ $250/hr | 25.00 |
| 9/24/2012 | brief MSJ | 2.6 hr @ $225/hr | 585.00 |
| 9/24/2012 | call client re: affidavit | 0.8 hr @ $150/hr | 120.00 |
| 9/24/2012 | revise affid | 0.8 hr @ $150/hr | 120.00 |
| 9/25/2012 | conf re affid | 0.1 hr @ $250/hr | 25.00 |
| 9/25/2012 | text re damages | 0.1 hr @ $150/hr | 15.00 |
| 9/25/2012 | conf re damages | 0.1 hr @ $225/hr | 22.50 |

---

[8]  There are also certain entries reflecting consideration of whether to file a summary judgment motion.  The court finds that this consideration of the issue is compensable, despite the fact that plaintiff's counsel determined—erroneously—that plaintiff should file such a motion.

| | | | |
|---|---|---|---|
| 9/25/2012 | revise affid | 0.3 hr @ $150/hr | 45.00 |
| 9/25/2012 | conf w/ client re: affid | 0.6 hr @ $150/hr | 90.00 |
| 9/26/2012 | brief MSJ | 0.5 hr @ $225/hr | 112.50 |
| 9/27/2012 | emails re: MSJ | 0.1 hr @ $250/hr | 25.00 |
| 9/28/2012 | revise MSJ | 0.1 hr @ $225/hr | 22.50 |
| 9/28/2012 | conf re MSJ | 0.1 hr @ $250/hr | 25.00 |
| 9/28/2012 | brief MSJ | 0.8 hr @ $225/hr | 180.00 |
| 9/28/2012 | brief MSJ | 0.6 hr @ $225/hr | 135.00 |
| 9/28/2012 | facts for MSJ | 0.6 hr @ $225/hr | 135.00 |
| 9/28/2012 | draft facts for MSJ | 3.4 hr @ $225/hr | 765.00 |
| 10/1/2012 | email deft counsel re MSJ | 0.1 hr @ $250/hr | 25.00 |
| 10/26/2012 | review response to MSJ | 0.5 hr @ $250/hr | 125.00 |
| 10/29/2012 | work on Reply re: MSJ | 3.5 hr @ $250/hr | 787.50 |
| 10/31/2012 | work on Reply | 3.8 hr @ $225/hr | 855.00 |
| 11/1/2012 | work on reply | 1.8 hr @ $225/hr | 405.00 |
| 11/1/2012 | work on reply | 2.1 hr @ $225/hr | 472.50 |
| 11/1/2012 | conf re Reply | 0.1 hr @ $250/hr | 25.00 |
| 12/6/2012 | review order re MSJ | 0.2 hr @ $250/hr | 50.00 |
| | | Total | $5,987.50 |

*Other Adjustments*

In addition, the involvement of four attorneys on what should have been a straightforward FLSA case raises issues of potential duplication of effort.

In making adjustments to hours claimed, the district court is charged with deducting for redundant hours. Redundant hours generally occur where

> more than one attorney represents a client.  There is nothing inherently
> unreasonable about a client having multiple attorneys, and they may all be
> compensated if they are not unreasonably doing the same work and are
> being compensated for the distinct contribution of each lawyer.

Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1301-02 (11th Cir.

1988).  It is movant's burden to demonstrate that the time spent by multiple counsel

reflects the distinct contribution of each lawyer to the case and is the customary practice

of multiple-lawyer litigation.  American Civil Liberties Union of Georgia, v. Barnes, 168

F.3d 423, 432 (11th Cir. 1999).

Plaintiff's time sheets contain numerous entries for conferences among plaintiff's

attorneys.  *See e.g.*, 12/20/2011; 3/9/2012 [2 entries]; 9/6/2012 [email to co-counsel];

9/21/2012 [3 entries]; 9/22/2012 [2 entries]; 10/29/2012; 2/6/2013.  Despite the fact that

some of these entries were listed as "Co-Counsel Conference", they were not subjected to

billing judgment and deleted prior to submission to the court.  There are also numerous

entries about drafting memos to the file and reviewing the file which are likely to involve

some aspect of redundancy.

While there is no *per se* rule of proportionality between damages sought and fees

charged, *see* City of Riverside v. Rivera, 477 US 561, 574 (1986), the Supreme Court

made clear that a discrepancy could still be considered a factor in determining the

reasonableness of a fee request.  "The amount of damages a plaintiff recovers is certainly

relevant to the amount of attorney's fees to be awarded under §1988. … It is, however,

only one of many factors that a court should consider in calculating an award of

attorney's fees."  Id. (citation omitted).

> [A] "reasonable" fee is a fee that is sufficient to induce a capable attorney
> to undertake the representation of a meritorious civil rights case. *See*
> [Pennsylvania v. ] Delaware Valley [Citizens' Council for Clean Air], 478
> U.S. [546], at 565, 106 S.Ct. 3088 [(1986)] ("[I]f plaintiffs ... find it

possible to engage a lawyer based on the statutory assurance that he will
be paid a 'reasonable fee,' the purpose behind the fee-shifting statute has
been satisfied"); Blum [v. Stenson], *supra*, [465 U.S. 886] at 897, 104
S.Ct. 1541 [(1984)] ("[A] reasonable attorney's fee is one that is adequate
to attract competent counsel, but that does not produce windfalls to
attorneys" (ellipsis, brackets, and internal quotation marks omitted)).
Section 1988's aim is to enforce the covered civil rights statutes, not to
provide "a form of economic relief to improve the financial lot of
attorneys." Delaware Valley I, *supra*, at 565, 106 S.Ct. 3088.

Perdue v. Kenny A. ex rel. Winn, --- U.S. ----, 130 S.Ct. 1662, 1672-73 (2010).

The amount awarded may be relevant in another way, as well.  As noted above,
success on the merits is one of the Johnson factors.  Plaintiff sought, according to his
summary judgment motion (doc. 28), a total of $4,605.00 in unpaid wages.[9]  After
submitting proof of damages following entry of default, the plaintiff was awarded only
$606.37 in unpaid wages.

The court finds that a percentage reduction is appropriate to account for
redundancy and the limited recovery.  With the deductions set forth above, the net
requested fees total $12,460.00.  The court finds that a further 25% reduction is
appropriate.  This deduction brings the fee request to a total of $9,345.00.  The court
considers this figure to be on the high end of what is reasonable for the reasonably
necessary litigation of this matter against this defendant.

## Conclusion

As set forth above, it is hereby ORDERED that plaintiff's Motion for Award of
Fees is GRANTED in part, and that defendant Critter Control of the Gulf Coast, LLC,
shall pay to plaintiff the sum of $9,345.00 in fees.  In addition, plaintiff is entitled to

---

[9]  In addition, both with regard to the amount sought and the amount awarded, the total
figure includes an equal amount as liquidated damages.

recover $488.13 in costs.

A separate judgment shall enter.

DONE this the 23rd day of May, 2013.

/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE