# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL W. MYERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CRITTER CONTROL OF THE GULF )<br>COAST, L.L.C., )<br>)<br>Defendant. ) | Civil Action No. 12-00015-N |

## **ORDER**

In this case, filed under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, proceeding before the undersigned United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) (*see* Doc. 16), a judgment "in favor of the plaintiff and against defendant Critter Control of the Gulf Coast, LLC, in the amount of $11,045.87, which represents unpaid wages and liquidated damages in the amount of $1,212.74, plus fees in the amount of $9,345.00 and costs in the amount of $488.13," was entered on May 23, 2013 (Doc. 66).[1]

Now before the Court is the plaintiff's request that the Clerk of this Court issue four writs of garnishment, to: State Farm General Insurance Company and State Farm Fire and Casualty Company, both to be served in Birmingham, Alabama, in the Northern District of Alabama, and Allstate Insurance Company and Allstate Fire and Casualty Insurance Company, both to be served in

---

[1] The judgment also provides for "post-judgment interest at the statutory rate from the date of entry of the judgment." (*Id.*)

Montgomery, Alabama, in the Middle District of Alabama (collectively, the "garnishees"), on his counsel's belief that the garnishees "are indebted to Critter Control of the Gulf Coast, L.L.C. or [ ]have effects of [the defendant], in their possession or control," and obtaining the same, through process of garnishment, "is necessary to obtain satisfaction of [the] Judgment" against the defendant. (Doc. 69 at 1-2, Banks Ladd Aff.)

While "the authorities are unanimous that a federal court maintains ancillary jurisdiction to enforce its own judgments, and that, under Rule 69[2], no independent jurisdictional basis is necessary to commence an enforcement proceeding against a garnishee not a party to the original suit[,]" *RCA Corp. v. Tucker*, 696 F. Supp. 845, 850 (E.D.N.Y. 1988), the obvious problem for the plaintiff is that the garnishees are all located outside of this District (*see generally* Doc. 69).

A "writ of execution issued by one court (whether in the same state or a foreign state) will only be enforceable within the bounds of the federal district in which it was issued; therefore, a creditor must register the judgment in the district in which the property is located[.]" *JPI Partners, LLC v. Dixon*, No. 6:07-mc-77-Orl-22DAB, 2008 WL 2185744, at *2 (M.D. Fla. May 23, 2008); *see also Clark v. Wilbur*, 913 F. Supp. 463, 465 (S.D. W. Va. 1996) (in which the West Virginia district court that originally entered the judgment explained judgment creditor could not seek order from that court for Marshal to execute on property located in Florida).

---

[2] Rule 69(a)(1) provides: "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

> [Accordingly, a] party[—such as the plaintiff—]who possesses a prior judgment obtained in a federal district court may attempt to enforce that judgment in another federal district court by registering the judgment with that court [pursuant to 28 U.S.C. § 1963.[3]]
>
> . . .
>
> 28 U.S.C. § 1963 [further] provides that the "judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." This means that an out-of-district, registered judgment "ha[s] the same effect, and [is] entitled to the same protection, as if it had been entered in [the registered district] in the first instance."

*CSX Transp., Inc. v. Filco Carting Corp.*, No. 10–CV–1055 (NGG)(JMA), 2011 WL 2713487, at *1 & *2 (E.D.N.Y. July 11, 2011) (quoting *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 500 F.3d 111, 121 (2d Cir. 2007)); *see also Cianbro Corp. v. George H. Dean, Inc.*, No. 11–008S, 2011 WL 1883027, at *1 (D.R.I., Apr. 5, 2011) (explaining that, because the plaintiff had already obtained an order from a district judge in the judgment forum, finding "good cause" to register the "judgment" under § 1963, the plaintiff need only file a completed AO Form 451 ("Clerk's Certification of A Judgment To Be Registered in

---

[3] That section further provides in relevant part:

> A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown.

*Id.; see also Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, No. Civ.A. H01-0634, 2002 WL 32107930, at *1 (S.D. Tex. Feb. 20, 2002) (explaining that "[n]umerous courts have found that § 1963's requirement of 'good cause' is met by a showing that the defendant lacks sufficient property in the judgment forum to satisfy the judgment, and has substantial property in another district") (collecting cases).

Another District") to register its judgment for attorneys' fees entered in the District of Maine, even though on appeal to the First Circuit, in the District of Rhode Island); *Bernhard v. BCN Recovery*, No. 10-1075, 2010 WL 2179795 (C.D. Ill. June 1, 2010) ("[T]he usual procedure is for the judgment creditor to register a judgment in a separate federal district pursuant to Section 1963, then to seek a writ of execution in that district."); *United States v. Palmer*, 609 F. Supp. 544, 547-48 (E.D. Tenn. 1985) ("Following registration, a judgment creditor may secure a writ of execution from the registering court and deliver it to the local Marshal for execution"); *cf. Weininger v. Castro*, 462 F. Supp. 2d 457, 490 (S.D.N.Y. 2006) ("Upon registration of the judgment, this Court obtained subject matter jurisdiction over the enforcement proceeding through ancillary jurisdiction to enforce a judgment." (citing *Rubin v. Islamic Republic of Iran*, No. 06 Civ. 11053, 2006 WL 2879759, at *1 (D. Mass. Sept. 30, 2006) ("This Court acquired jurisdiction over the present controversy [to attach assets purportedly belonging to Iran] when the plaintiffs registered here the judgment they had obtained against Iran in the United States District Court for the District of Columbia."))).

The Clerk is therefore **DIRECTED** not to issue the requested writs of garnishment.

**DONE** and **ORDERED** this the 8th day of November, 2013.

                                         */s/ Katherine P. Nelson*
                                         **KATHERINE P. NELSON**
                                         **UNITED STATES MAGISTRATE JUDGE**